Aaron Colangelo (admitted *pro hac vice*)
acolangelo@nrdc.org
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Tel: (202) 289-2376
Fax: (415) 795-4799

Steve Fleischli (CA Bar No. 175174)
sfleischli@nrdc.org
Natural Resources Defense Council
1314 Second Street
Santa Monica, CA 90401
Tel: (310) 434-2328
Fax: (310) 434-2399

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| LOS ANGELES WATERKEEPER et al., | No. 2:17-CV-3454 SVW (KSx) |
|---|---|
| Plaintiffs, | **Plaintiffs' Statement Opposing Stay of APA Claim** |
| v. | |
| SCOTT PRUITT, in his official capacity as Administrator of the U.S. Environmental Protection Agency, et al., | |
| Defendants. | |

Plaintiffs file this statement in response to the Court's Order of October 16, ECF No. 43, directing the parties to express their views on whether a decision on the APA jurisdictional argument should be stayed pending the Supreme Court's decision in *National Ass'n of Manufacturers v. Department of Defense*, No. 16-299 (hereafter *NAM*). For the reasons below, Plaintiffs ask the Court not to stay a decision on its jurisdiction to hear the APA claims.

The Clean Water Act jurisdictional question currently pending before the Supreme Court in *NAM* differs from the question before this Court in material ways. *NAM* may involve a threshold mootness question not at stake in this case, and it raises an alternate basis for appellate court review of a distinguishable agency action. As a result, there is no reason to expect that the Supreme Court will decide *NAM* on grounds that will control—or even be relevant to—these proceedings. Accordingly, this Court should not stay its consideration of Plaintiffs' APA claims until after the Supreme Court's decision in *NAM*.

To begin, there is some uncertainty as to whether the Supreme Court will even reach the jurisdictional question at issue in *NAM*. At oral argument, the question of mootness came up several times, *see* Tr. 18:12-16, 50:14-21, 51:13-16, and Justice Ginsburg suggested that "the government is poised to moot this case anytime it wants." Tr. 50:16-17.[1] If EPA in fact takes action that moots the case before the Supreme Court rules, the Court may never issue an opinion on the jurisdictional question.

If the Supreme Court does reach the merits of the § 1369 jurisdictional question in *NAM*, it may well do so on grounds that do not govern this case. *NAM* involves an alternate basis for appellate jurisdiction that is not at issue

---

[1] The argument transcript is available at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2017/16-299_khlo.pdf.

1

here. In that case, the government contends in part, and NRDC agrees, that appellate court jurisdiction is proper under § 1369(b)(1)(E) because the promulgation of a rule defining "waters of the United States" is an agency action "in approving or promulgating any effluent limitation or other limitation under section 1311." *See* Brief for the Fed. Resp'ts. in Opp. at 13, *NAM*, No. 16-299 (S. Ct. July 28, 2017), *available at* http://www.scotusblog. com/case-files/cases/national-association-of-manufacturers-v-department-of-defense/; Brief of Resp'ts. NRDC and Nat'l Wildlife Fed. Supporting Affirmance at 1, *NAM*, No. 16-299 (S. Ct. July 28, 2017), *available at* www. scotusblog.com/case-files/cases/national-association-of-manufacturers-v-department-of-defense/. In this case, EPA argues, and NRDC disagrees, that appellate court jurisdiction is proper under a different section: 1369(b)(1)(F). A Supreme Court decision that turns on jurisdiction under § 1369(b)(1)(E) would likely have little relevance to this case.

Even if the Supreme Court's decision in *NAM* squarely reaches the question of the scope of § 1369(b)(1)(F), it is entirely possible that it will do so in a way that does not resolve, or even affect, this case. The agency action at issue in this case—a petition denial related to three classes of discharge sources in two local watersheds—is fundamentally different from that at issue in *NAM*: the promulgation of a nationally applicable regulation that defines the phrase "waters of the United States." Thus, a Supreme Court decision that turns on whether an agency regulation that governs all permit decisions is an action "in issuing or denying [a] permit," 33 U.S.C. § 1369(b)(1)(F), should not influence the Court's consideration here.

It is impossible to rule out the chance that the Supreme Court's decision in *NAM* could speak to this Court's jurisdiction over Plaintiffs' APA claims. However, the significant differences between *NAM* and this case counsel against further delay in resolving the Court's authority to hear those claims.

This case is not one in which a higher court's decision "will likely be dispositive of" many or all of the legal issues in the case, *see Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017), or one in which the key issue is "identical to that" before a court whose decision will govern, *see also Campbell v. Or. Dep't of State Lands*, No. 2:16-CV-01677-SU, 2017 WL 3367094, at *4 (D. Or. Aug. 4, 2017). Rather, this case and one pending before the Supreme Court both involve consideration of the same jurisdictional statute, albeit in readily distinguishable factual situations. Because governing Ninth Circuit precedent already establishes this Court's jurisdiction to hear Plaintiffs' APA claims, *Nw. Envtl. Advocates v. U.S. EPA*, 537 F.3d 1006, 1011, 1015 (9th Cir. 2008); *see also* Plaintiffs' Mem. in Opp. to Defs.' Mot. to Dismiss, ECF No. 40 at 19-25, this Court need not wait for a Supreme Court decision to resolve the pending jurisdictional issue.

Finally, the balance of the hardships weighs against a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The Supreme Court may not decide *NAM* until the end of the current term, which is June 2018—eight months from now. Because Plaintiffs seek an injunction against ongoing harm, the possibility of such a lengthy delay counsels against a stay. *See Leyva v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."); *see also Cheverez v. Plains All Am. Pipeline, LP*, No. CV15-4113 PSG (JEMx), 2016 WL 4942328, at *4 (C.D. Cal. Feb. 25, 2016) (refusing to stay case in which plaintiffs sought "injunctive relief to remedy ongoing harm and to prevent future harm from occurring"). By contrast, Defendants will suffer no great harm in the absence of a stay. Assuming the Court denies Defendants' motion to dismiss, moving forward with the case would not trigger any costly or resource-intensive processes, such as discovery or arbitration. *Cf. Leyva*, 593

3

F.2d at 864 (noting potential waste of resources if discovery went forward and was not ultimately necessary). Even if a subsequent Supreme Court decision in *NAM* were to change the governing regime, Defendants could easily renew their motion to dismiss. In other words, there is no apparent harm in going forward now, especially given the likelihood that the outcome in *NAM* will not have a direct bearing on this case.

For all these reasons, the situation presented by this case is not one of the "rare circumstances" in which a litigant should be "compelled to stand aside" while another case moves forward. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). This Court can and should consider Plaintiffs' APA claims.

Respectfully submitted,

/s/_____

Steve Fleischli (CA Bar No. 175174)
sfleischli@nrdc.org
Natural Resources Defense Council
1314 Second Street
Santa Monica, CA 90401
Tel: (310) 434-2328
Fax: (310) 434-2399

Aaron Colangelo (admitted *pro hac vice*)
acolangelo@nrdc.org
Sarah V. Fort (admitted *pro hac vice*)
sfort@nrdc.org
Nancy S. Marks (admitted *pro hac vice*)
nmarks@nrdc.org
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Tel: (202) 289-2376
Fax: (415) 795-4799

*Counsel for Plaintiffs*

Dated: October 20, 2017